# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| HOSIE PERRY, | ) |
|     Petitioner, | ) |
| | ) No. 2:18-cv-02460-TLP-tmp |
| v. | ) |
| | ) |
| MIKE PARRISH, MCCX Warden, | ) |
|     Respondent. | ) |

## ORDER DIRECTING CLERK TO MODIFY THE DOCKET,
## GRANTING MOTION TO DISMISS,
## DENYING CERTIFICATE OF APPEALABILITY, AND
## DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Pro se Petitioner, Hosie Perry,[1] petitions under 28 U.S.C. § 2254 for writ of habeas corpus (§ 2254 Petition"). (ECF No. 1.) Respondent moves to dismiss the § 2254 Petition as untimely. (ECF No. 14.) The Court DIRECTS the Clerk to modify the docket to record Respondent's name as Mike Parris (not "Parrish"), MCCX Warden.[2] For the reasons below, the Court GRANTS Respondent's Motion to Dismiss.

## BACKGROUND

The State of Tennessee charged and convicted Petitioner of two counts of first-degree murder and the trial court sentenced him to two consecutive life sentences. *State v. Perry*, No. W2007-00822-CCA-R3-CD, 2008 WL 2774451, at *1 (Tenn. Crim. App. July 15, 2008), *perm.*

---

[1] Petitioner, Tennessee Department of Correction prisoner number 500168, is an inmate at the Morgan County Correctional Complex ("MCCX") in Wartburg, Tennessee.

[2] The docket states incorrectly that the warden is Mike Parrish. *See* Tennessee Department of Correction, https://www.tn.gov/correction/sp/state-prison-list/morgan-county-correctional-complex.html (last accessed June 13, 2019).

*app. denied* (Tenn. Jan. 20, 2009). After the court entered the judgment, Petitioner noticed his appeal. (*Id.* at PageID 64–66.) The Tennessee Court of Criminal Appeals later affirmed the trial court. (ECF No. 11-10.) The Tennessee Supreme Court then denied permission to appeal. (ECF No. 11-13 at PageID 560.) Typically, the next step for one in Petitioner's position is to petition for post-conviction relief. The deadline for that filing is one year.

For some reason Petitioner waited almost two years after the Tennessee Supreme Court denied his appeal to petition for post-conviction relief. (ECF No. 11-14 at PageID 561-–75.) The post-conviction court dismissed his petition almost immediately as untimely. (ECF No. 11-15 at PageID 580.) Petitioner did not appeal this decision.

Inexplicably, Petitioner reignited his interest in contesting his conviction almost six years later when he filed a Petition to Re-Open Post-Conviction Relief. (ECF No. 11-17 at PageID 599-601; *see also* ECF No. 14-1 at PageID 720.) The post-conviction court again acted swiftly and dismissed the Petition to Re-Open Post-Conviction Relief with prejudice. (ECF No. 11-18 at PageID 607–12.)

Undeterred, over eight years after the Tennessee Supreme Court denied his permission to appeal, Perry moved for permission to file a late notice of appeal with the Tennessee Court of Criminal Appeals. (ECF No. 11-19.) That court denied his request and dismissed the appeal. (ECF No. 11-21 at PageID 625; *see also* ECF No. 11-22.) Petitioner then moved for reconsideration and the Tennessee Court of Criminal Appeals denied his motion. (*See* ECF No. 11-23.) Petitioner then applied for permission to appeal, which the Tennessee Supreme Court dismissed. (*See* ECF No. 11-24 at PageID 629; *see also* ECF No. 11-25 at PageID 630.)

Petitioner now seeks relief in this Court under 28 U.S.C. § 2254.

# LEGAL STANDARD

There is federal statutory authority for federal courts to issue habeas corpus relief for persons in state custody. *See* 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A federal court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

As for the time to file for that relief, 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall begin to run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

Federal courts consider state convictions "final" under § 2244(d)(1)(A) when the time expires for petitioning for a writ of certiorari from a decision of the highest state court on direct

3

appeal. *Pinchon v. Myers*, 615 F.3d 631, 640 (6th Cir. 2010) (citing *Lawrence v. Florida*, 549 U.S. 327, 333 (2007)); *Sherwood v. Prelesnik*, 579 F.3d 581, 585 (6th Cir. 2009). A § 2254 Petition is subject to dismissal if filed more than one year after the limitations period begins to run. Here that period started running in early 2009.

## ANALYSIS

**I.     Timeliness of § 2254 Petition**

The Tennessee Court of Criminal Appeals issued its decision on direct appeal in the summer of 2008, and the Tennessee Supreme Court denied permission to appeal in early 2009.[3] Perry's convictions therefore became final 90 days later—the last date for petitioning for a writ of certiorari with the United States Supreme Court, April 20, 2009. *See* Sup. Ct. R. 13.1 ("A petition for a writ of certiorari . . . is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review"). The limitations period for this § 2254 petition started the next day and expired 365 days later— April 21, 2010.

Although Perry filed a post-conviction petition in state court in December 2010, the federal habeas statute of limitations had run, and there was no period to be tolled under 28 U.S.C. § 2244(d)(2). Thus Petitioner's § 2254 Petition is untimely because he did not file it until 2018—more than eight years after the statute of limitations had run. He therefore needs to give a valid reason that the limitations period should be tolled. His excuses here are not persuasive.

---

[3] Respondent mistakenly stated that the Tennessee Supreme Court denied permission to appeal on July 15, 2008. (*See* ECF No. 14-1 at PageID 721.) This mistake created an error in Respondent's calculation of the deadline for filing Perry's habeas petition.

## II. The alleged *Brady* Violation

Petitioner asserts a *Brady* violation[4] as an excuse for his delay in filing the § 2254 Petition. (ECF No. 1 at PageID 20.) In Ground One, he alleges that the district attorneys violated his due process rights by failing to disclose and furnish him with the prior out-of-court statements of the State's key witnesses Parker and Payne. (*Id.* at PageID 5.) For alleged *Brady* violations, AEDPA's one-year statute of limitations runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). So this Court must determine whether Perry acted with "due diligence" in presenting this claim. *See Willis v. Jones*, 329 F. App'x 7 (6th Cir. 2009).

Petitioner has not proved when he learned of the failure to disclose *Brady* material. Respondent argues, based on the state-court record, that Petitioner has known about these statements since at least 2010, when he referred to them in his pro se petition for post-conviction relief. (ECF No. 14-1 at PageID 726; *see also* ECF No. 11-14 at PageID 565–68, 570.) Based on the information presented showing Petitioner referred to these witnesses in December 2010, the Court is highly doubtful that Perry was diligent in pursuing his *Brady* claim. (*See* ECF No. 14-1 at PageID 725.) It is petitioner's burden to show that he acted with due diligence. *Dicenzi v. Rose*, 452 F.3d 465, 470 (6th Cir. 2006) (clarifying that "the petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim pursuant to 28 U.S.C. § 2244(d)(1)(D).") He has not done so here. Without a showing of due

---

[4] *See Brady v. Maryland*, 373 U.S. 83 (1963).

5

diligence, the Court cannot excuse the untimely filing of the *Brady* claim or Petitioner's § 2254 Petition. So his § 2254 Petition is time-barred.

### III. Claim of Actual Innocence

A credible claim of actual innocence may overcome AEDPA's limitations period. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Here, Petitioner claims actual innocence to excuse the timeliness of his § 2254 Petition. (ECF No. 1 at PageID 20.) In Ground Three, he asserts that he has newly discovered evidence of witnesses Rapheal Love and Siddarrius Walker recanting their earlier statements and now saying Petitioner is innocent. (*Id.* at PageID 10.) Petitioner contends that both Love and Walker recanted out-of-court statements and now claim that Petitioner was not involved in the murders. (*Id.*)

Respondent points out that Petitioner has not presented affidavits from Love and Walker to support his claim. (ECF No. 14-1 at PageID 723.) Without those affidavits, the Court cannot evaluate the credibility of the statements or the reliability of these two individuals. Respondent also argues that, assuming Walker and Love have recanted, they are Petitioner's codefendants and convicted murderers, who waited several years after the investigation and prosecution of these crimes to assert Petitioner's innocence. (*Id.* at PageID 724.) Respondent says that the statements, if presented, would be "wholly lacking in credibility." (*Id.*) Respondent also notes that two eyewitnesses testified at trial in detail about Petitioner's involvement in the murders. *See Perry*, 2008 WL 2774451, at *2–3. (*Id.*)

All that said, despite Petitioner's assertions, he has not presented the allegedly new statements by these witnesses, and so has produced no new reliable evidence to support a claim of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 325 (1995). The Court therefore cannot excuse Petitioner's untimely filing for his claim of actual innocence.

## IV. Equitable Tolling

In the end, Petitioner's last chance at getting around the time restraints of habeas petitions is to meet the requirements of equitable tolling. "[T]he doctrine of equitable tolling allows federal courts to toll a statute of limitations when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (internal quotation marks omitted), *abrogated on other grounds as recognized in Johnson v. United States*, 457 F. App'x 462, 470 (6th Cir.2012). The § 2254 limitations period is sometimes subject to equitable tolling. *Holland v. Fla.*, 560 U.S. 631, 645–49 (2010). That said, "the doctrine of equitable tolling is used sparingly by the federal courts." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *see also Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003), 346 F.3d at 604 (same); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (same). "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson*, 624 F.3d at 784. A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Respondent argues that Petitioner does not assert a valid basis for equitable tolling. (ECF No. 14-1 at PageID 727.) Respondent also claims that, even if Petitioner argues that his pro se status along with his previous counsel's negligence prevented him from timely filing his habeas petition, Petitioner is still not entitled to equitable tolling. (*Id.*)

The Court need not address this argument any further as Petitioner has not even argued an entitlement to equitable tolling and he has not met his burden of proving it. And so Petitioner's § 2254 Petition is untimely because he has not asserted the grounds necessary to

support equitable tolling. Respondent's motion to dismiss the petition (ECF No. 14) as time-barred is GRANTED and the § 2254 Petition is DISMISSED.

## APPELLATE ISSUES

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must point to the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & 3. A petitioner makes a "substantial showing" when the petitioner shows that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam).

A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011) (same). But courts should not issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773 (quoting *Miller-El*, 537 U.S. at 337).

8

Here, Petitioner's § 2254 Petition is barred by the statute of limitations. Because any appeal by Petitioner on the issues raised in this petition does not deserve attention, the Court DENIES a COA.

**CONCLUSION**

For these reasons, the Court GRANTS the Motion to Dismiss and DENIES Petitioner a Certificate of Appealability. The Court further determines that any appeal would not be taken in good faith. The Court therefore CERTIFIES that any appeal here would not be taken in good faith and leave to appeal in forma pauperis is DENIED.[5]

**SO ORDERED**, this 21st day of August, 2019.

                                          s/Thomas L. Parker
                                        THOMAS L. PARKER
                                        UNITED STATES DISTRICT JUDGE

---

[5] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or move to proceed in forma pauperis and a supporting affidavit in the Sixth Circuit within 30 days of the date of entry of this Order. *See* Fed. R. App. P. 24(a)(5).